## Schmidt *v.* Martz, Appellant.

Argued October 9, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Charles C. Lark,* for appellant.

*Robert McK. Glass,* with him *Richard Henry Klein,* for appellee.

OPINION BY RHODES, P. J., November 12, 1947:

In this action of trespass plaintiff, as owner of a truck, recovered a verdict for damages to the truck as the result of a collision between the truck and an automobile owned and driven by the defendant.

At the time of the accident (July 4, 1943) the truck was being used in the business of plaintiff's father, and driven by the father's employee. Plaintiff alleged that he loaned the truck to his father for use in the latter's business. Defendant filed no affidavit of defense.

On the argument of defendant's motion for judgment n. o. v. defendant presented a defense which had not been mentioned at the trial: that plaintiff could not recover because he suffered no damage, plaintiff's father having in fact paid for the repairs to the truck. Plaintiff's own testimony as to this was that, although the repairs were actually paid for by check of the father, plaintiff, as the owner of the truck, still owed his father for the repairs. Defendant, in this connection, relies upon *Rosenthal v. Carson,* 149 Pa. Superior Ct. 428, 27 A. 2d 499, for the proposition that an alleged owner whose car is repaired by a third party suffers no damage and cannot recover. In that case the defendant filed an affidavit of defense expressly denying the wife-plaintiff's ownership of the vehicle damaged, and the wife, on the stand, freely admitted that her husband had paid for the repairs.

Defendant filed no affidavit of defense denying plaintiff's ownership of the vehicle involved, and in ad-

dition defendant, through her attorney, permitted plaintiff's averment of ownership of the truck to be read into the record, defendant's attorney expressly stating that he had no objection to this portion of the pleading being put in evidence.

On the trial defendant proceeded on the theory that the contributory negligence of the driver of the truck should be imputed to the owner and barred the latter from recovery. Defendant raised this point by a motion for compulsory nonsuit, and by request for instructions at the conclusion of the court's charge. Defendant took a general exception to the charge of the court, and specifically excepted to that part of the court's charge where it was said that plaintiff was entitled to recover irrespective of the contributory negligence of bailee's driver.

From the judgment entered on the verdict, defendant has appealed.

On appeal to this Court, appellant presents the contention that plaintiff cannot recover because he did not pay for the repairs, and consequently suffered no damage. The question of plaintiff's ownership is also raised. Appellant has no standing to raise the question she now seeks to present, and we cannot consider it. She did not present the question of ownership of the truck, or of injury without damage, at the trial, but rather took her chances and attempts to raise the point for the first time after an adverse verdict.

By failure to file an affidavit of defense, appellant admitted ownership by the plaintiff of the vehicle involved.[1] Section 13 of the Practice Act of May 14, 1915, P. L. 483, 12 PS § 412; *McGlinchey v. Steigerwald,* 73 Pa. Superior Ct. 520. Besides, appellant permitted the averment of plaintiff's ownership of the truck to be read

---

[1] Rule No. 1045(b), Pennsylvania Rules of Civil Procedure, effective January 1, 1947, covers admissions in trespass actions by failure to deny. The present action was commenced in 1943, and the statement of claim was filed March 19, 1945.

into evidence without objection, thereby expressly admitting this fact. Cf. *D'Amato v. Segal,* 76 Pa. Superior Ct. 103.

A party cannot be permitted subsequently to question facts expressly admitted or deliberately waived at the trial. *Gnagey v. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co.,* 332 Pa. 193, 196, 2 A. 2d 740. The defense now sought to be interposed is plainly an afterthought, and one which appellant must be held to have waived. *Holt v. Pariser et al.,* 161 Pa. Superior Ct. 315, 321, 54 A. 2d 89.

Appellant's assignments of error relating to the charge of the court are without merit in that they complain of the court's failure to charge on a matter which was not raised at the trial, and upon which it was not requested to charge. Error cannot be predicated upon the failure of the court to give an instruction which was not asked for, if the failure to give the instruction was not fundamental error. *Knoble et ux. v. Ritter,* 145 Pa. Superior Ct. 149, 155, 20 A. 2d 848. Appellant requested no additional instruction on the issue of the measure of damages, and took only a general exception to the charge except as to contributory negligence; the sufficiency of the charge as to the measure of damages cannot be raised on this appeal. *Van House v. Acorn Steel Co., Inc.,* 3 Cir., 144 F. 2d 204, 206. In this respect it is clear that there was no fundamental error.

We will not review a case on a different theory from that on which it was tried in the court below, nor will we consider other questions than those which were presented for determination at the trial. *Rettew Co. v. Heller,* 85 Pa. Superior Ct. 418, 420. See, also, *Howard v. Siegel,* 121 Pa. Superior Ct. 519, 525, 184 A. 272; *Hereda et vir v. Lower Burrell Township,* 159 Pa. Superior Ct. 262, 265, 48 A. 2d 83; *United States Gypsum Co. v. Birdsboro Steel Foundry & Machine Co.,* 160 Pa. Superior Ct. 548, 558, 52 A. 2d 344.

The judgment of the court below is affirmed.