696 A.2d 1181

**AMERICAN HOUSING TRUST, III C/O GE Capital Asset Management Corporation, Appellant**

v.

**Caroline JONES, Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 15, 1996.

Decided June 17, 1997.

312

Peter C. Cilio, for American Housing Trust III, C/O GE Capital Asset Mgt., Corp.

Mark A. Sereni, Broomall, for Caroline Jones.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION OF THE COURT

CAPPY, Justice:

The question presented in this appeal is whether the failure of Appellant, American Housing Trust, III, C/O GE Capital Corporation, to obtain the certificate of authority mandated by section 4121(a) of the Foreign Business Corporations Law (the Law), 15 Pa.C.S. § 4121(a),[1] results in suspension of Appel-

---

1. Section 4121 of the Foreign Business Corporations Law, Act of December 21, 1988, P.L. 1444, as amended, 15 Pa.C.S. § 4101 *et seq.*, provides in pertinent part:

 (a) General rule.—A foreign business corporation, before doing business in this Commonwealth, shall procure a certificate of authority to

lant's right to bring actions in this Commonwealth pursuant to section 4141 of the Foreign Business Corporations Law, 15 Pa.C.S. § 4141.[2] In order to rule on this question, we must address whether Appellant's activities in this Commonwealth are excluded from "doing business" pursuant to section 4122(a)(7) and (a)(8), 15 Pa.C.S. § 4122(a)(7) and (a)(8).

The factual and procedural background of this appeal is as follows. Appellee Caroline Jones entered into an installment land sale contract with the Administrator of Veteran's Affairs (VA) on June 28, 1984, for the sale of property owned by the VA in Chester, Pennsylvania, to her. The VA retained legal title to the property, with the promise to transfer the deed to Appellee upon her final installment payment. Appellee took immediate possession of the property and received equitable title. Appellant, a business trust organized pursuant to the laws of New York, took legal title to the property on February 23, 1989, by means of a recorded deed conveyance of the VA to Appellant of all of its interests and ownership rights. Thenceforth, Appellee made her installment contract payments to Appellant until she allegedly defaulted on her payments under the installment contract on November 1, 1991.

Appellant notified Appellee of its intention to terminate the installment contract because of her alleged default, and filed a complaint for ejectment in Chester County, Pennsylvania seeking immediate possession of the property. Appellee filed preliminary objections to this complaint raising Appellant's lack of capacity to sue, see Pa.R.C.P. 1028(a)(5), and sought dismissal of Appellee's complaint on this basis. Specifically, Appellee asserted that Appellant is prohibited from bringing

do so from the Department of State, in the manner provided in this subchapter . . . .
15 Pa.C.S. § 4121.

2. Section 4141 provides in pertinent part:
(a) Right to bring actions or proceedings suspended.—A nonqualified foreign business corporation doing business in this Commonwealth within the meaning of Subchapter B (relating to qualification) shall not be permitted to maintain any action or proceeding in any court of this Commonwealth until the corporation has obtained a certificate of authority . . . .
15 Pa.C.S. § 4141.

an action in Pennsylvania by way of a penalty imposed by section 4141 because of Appellant's failure to obtain a certificate of authority to conduct business in Pennsylvania pursuant to 15 Pa.C.S. § 4121(a).

Appellant, in its answer to Appellee's preliminary objections, denied that it is doing business in this Commonwealth, and thus, that it was required to procure a certificate of authority pursuant to section 4121(a) of the Foreign Business Corporations Law, 15 Pa.C.S. § 4121(a). Appellant's answer to Appellee's preliminary objections simply averred that Appellant "falls" within the statutory exclusions to the requirement for a foreign business corporation to obtain a certificate of authority set forth at section 4122(a)(7) and (8) of the Law, 15 Pa.C.S. § 4122(a)(7) and (a)(8).[3] Appellant's answer to Appellee's preliminary objections did not set forth with any detail the nature and extent of Appellant's activities in Pennsylvania.[4]

3. Section 4122 provides in pertinent part:
 a) General rule.—Without excluding other activities that may not constitute doing business in this Commonwealth, a foreign business corporation shall not be considered to be doing business in this Commonwealth for the purposes of this subchapter by reason of carrying on in this Commonwealth any one or more of the following acts:
 (7) Creating as borrower or lender, acquiring or incurring, obligations or mortgages or other security interests in real or personal property.
 (8) Securing or collecting debts or enforcing any rights in property securing them.
 51 Pa.C.S. § 4122(a)(7) and (a)(8).

4. This procedure was consistent with the practice set forth in 21 Standard Pennsylvania Practice 2d § 113:125, which provides in pertinent part:
 A foreign corporation that institutes an action in the courts of the Commonwealth of Pennsylvania is presumed to have complied with such statutory requirements preliminary to the institution of an action. Thus, as a plaintiff a foreign corporation is not required to allege that it is registered as a foreign corporation unless the pleadings as a whole disclose a necessity therefor.
 A preliminary objection averring that the plaintiff is a foreign corporation doing business in Pennsylvania without having procured a certificate of authority raises a question of lack of capacity to sue, and the proper procedure for the plaintiff ... is to file an answer to the defendant's preliminary objections denying the factual averments

The trial court sustained Appellee's preliminary objections, finding that Appellant lacks the capacity to sue in this Commonwealth because of the penalty provision in section 4141. The trial court accordingly dismissed Appellant's action. A panel of the Superior Court affirmed the trial court's order in a memorandum opinion.[5]

This court granted allowance of appeal in order to address the question of whether Appellee's preliminary objections to Appellant's action were properly sustained because of Appellant's alleged lack of capacity to sue, based on Appellant's failure to obtain a certificate of authority to conduct business in Pennsylvania pursuant to section 4121(a) of the Foreign Business Corporation Law.

 In order to determine whether the trial court properly sustained Appellee's preliminary objections, this court must consider as true all of the well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts. *Werner v. Zazyczny*, 545 Pa. 570, 681 A.2d 1331 (1996). Pa.R.C.P. 1028(c) provides that if an issue of fact is raised in preliminary objections, the trial court shall consider evidence "by depositions or otherwise". In conducting our appellate review, we observe that preliminary objections, the end result of which would be dismissal of the action, may be properly sustained by the trial court only if the case is free and clear of doubt. *Greenberg v. Aetna Insurance Co.*, 427 Pa. 511, 235 A.2d 576 (1967).

 The trial court, in ruling on Appellee's preliminary objections and motion to dismiss, factually examined only that there was an installment contract for sale of land between Appellee and Appellant's predecessor in title which Appellant has acquired. As the matter was before the court on preliminary objections and no discovery had been taken nor had an

therein, with the issue of fact thus raised to be decided by depositions.
*Id.* (Footnotes omitted.)

5. Judge Cirillo dissenting, noted that he would reverse and remand for a determination of the merits of the case because the facts did not clearly support the dismissal of the case.

evidentiary hearing been held, the trial court did not have before it the full nature and extent of Appellant's activities in this Commonwealth. The trial court looked only to the legal issue of whether Appellant's seeking to enforce the land sale installment contract it acquired from the VA was qualitatively the type of activity described in section 4122(a)(7) and (a)(8), and thus would qualify Appellant for an exclusion from the requirement to obtain a certificate of authority. The trial court concluded that Appellant's activity in Pennsylvania with regard to Appellee did not fall within the exclusions of section 4122(a)(7) and (a)(8).

█ In order to properly rule on Appellee's preliminary objections, the trial court had to determine whether Appellant's activities in Pennsylvania are such that Appellant is required to obtain a certificate of authority from this Commonwealth pursuant to section 4121, 15 Pa.C.S. § 4121, i.e, whether Appellant is "doing business" in Pennsylvania. It is well-established that the test for whether a corporation is "doing business" in this Commonwealth is a question of fact, to be resolved on a case-by-case basis. *Wenzel v. Morris Distributing Co.*, 439 Pa. 364, 266 A.2d 662 (1970).

The Foreign Business Corporations Law does not provide a definition of "doing business". Section 4122 does set forth a nonexclusive list of activities which are excluded from the term "doing business", including creating, as borrower or lender, acquiring or incurring, obligations or mortgages or other security interests in real or personal property; and securing or collecting debts or enforcing any rights in property securing them. *See* section 4122(a)(7) and (a)(8). The Committee Comment to section 4122 indicates that the passive owning of real estate for investment or fiduciary purposes does not constitute transacting business.

█ The extent of a foreign corporations's activities in this Commonwealth is also crucial in determining whether the corporation is doing business here. *Hoffman Construction Co. v. Erwin*, 331 Pa. 384, 200 A. 579 (1938). The Committee Comment to section 4122 states that the concept of "doing

business" involves regular, repeated, and continuing business contacts of a local nature. The Committee Comment further indicates that a single agreement or isolated transaction does not constitute the doing of business *if* there is no intention to repeat the transaction or engage in similar transactions.

Before concluding that Appellant's acquiring an installment contract for the sale of land, and Appellant's efforts to secure possession of the land when Appellee allegedly defaulted on her obligations under the contract, were not activities within the purview of section 4122(a)(7) or (a)(8), the trial court failed to offer findings as to whether Appellant's reason for holding legal title to the real estate was strictly for investment or fiduciary purposes. Additionally, the trial court made no factual determination as to whether Appellant has regular, repeated, and continuing business contacts of a local nature; nor did the trial court make any finding on the question of whether Appellant intends to repeat the transaction or engages in similar transactions in this Commonwealth. The facts developed at the preliminary stage of the proceedings did not allow the trial court to make a determination on these factual details which are critical in determining whether Appellant is required to obtain a certificate of authority in this Commonwealth, especially if we should disagree with the trial court's conclusion that the land sale installment contract at issue did not fall within the purview of the exclusions set forth at section 4122. Thus, there are no facts on the record to enable us to rule on the propriety of the lower court's conclusion on whether Appellant lacks the capacity to sue in Pennsylvania.

Appellant attempts to supply the factual basis for this court to reach this legal issue by stating in its brief to this court the following:

Appellant's *sole activities* in Pennsylvania are the acquiring and/or creating, as lender, obligations or security interests in real property, and the securing or collecting of debts and/or the enforcing of its rights in the real property

securing said obligations. These *activities* clearly fall squarely within those excluded by § 4122(a)(7) and (a)(8). Brief For Appellant at p. 7 (emphasis added).

The above-quoted statement from Appellant's brief merely parrots the wording of the exclusionary language of section 4122(a)(7) and (a)(8) and does nothing to elucidate the nature of Appellant's activities in Pennsylvania. Moreover, the statement in Appellant's brief (sole activities), *supra*, is expressed in the plural sense, and can be read as consistent with a suggestion that Appellant does business in Pennsylvania because it repeats similar transactions in this Commonwealth.[6]

While Appellant's answer to Appellee's preliminary objections does not go into factual detail concerning the nature and extent of Appellant's activities in Pennsylvania, the answer raises a factual issue as to whether Appellant's conduct here amounts to "doing business" for purposes of the Foreign Business Corporations Law.

 Where this factual dispute was raised by the pleadings, in order for the trial court to properly rule on Appellee's preliminary objections to Appellant's complaint, there must be of record, all of the facts necessary for the trial court to determine whether Appellant is statutorily excluded from the requirement to obtain a certificate of authority. This necessarily entails facts going to both the nature and the extent of Appellant's activities in this Commonwealth. The trial court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an

---

**6.** We have previously indicated that the practice of alleging in a brief facts on which a trial court has not passed is improper. *See Reilly by Reilly v. Southeastern Transportation Authority,* 507 Pa. 204, 489 A.2d 1291 (1985). It is well-established that counsel must have *on record* all matters necessary to constitute proper assignment of error. *See Spitzer v. Philadelphia Transportation Co.,* 348 Pa. 548, 36 A.2d 503 (1944). An appellate court may not rely on statements in Appellant's brief in order to establish the factual groundwork crucial to disposition of the pivotal legal issue of whether Appellant's activities in Pennsylvania fall within the purview of the exclusions set forth in section 4122(a)(7) and (a)(8). *See Van Mastrigt v. Delta Tau Delta,* 393 Pa.Super. 142, 573 A.2d 1128 (1990).

evidentiary hearing. *Schmitt v. Seaspray–Sharkline, Inc.,* 366 Pa.Super. 528, 531 A.2d 801 (1987).

Since neither party presented evidence by which the learned trial court or this court can properly decide the issue of Appellant's capacity to sue, we vacate the Superior Court's order and remand the matter to the trial court to take evidence, by depositions, interrogatories, or an evidentiary hearing, to enable it to determine whether Appellant's activities in this Commonwealth are excluded from the definition of "doing business" pursuant to section 4122(a)(7) and (a)(8), based on knowledge of the full nature and extent of Appellant's activities in Pennsylvania. It is then that the trial court may properly rule on whether Appellant was required to obtain a certificate of authority pursuant to section 4121 and is penalized, by a lack of capacity to sue, pursuant to section 4141 for its failure to obtain a certificate of authority.

Accordingly, the order of the Superior Court affirming the trial court's sustaining of Appellee's preliminary objections and dismissing Appellant's action is vacated, and the matter is remanded to the trial court for proceedings consistent with this opinion.