**Nicholas M. DELPOPOLO and Betty Delpopolo, Appellants,**

v.

**Gary NEMETZ and Mai Pham, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1997.

Filed April 9, 1998.

---

Jeffery S. Orchinik, Bensalem, for appellants.

Lisa Ondich, Norristown, for Nemetz, appellee.

Andrew J. Keenan, Norristown, for Pham, appellee.

Before CAVANAUGH, EAKIN and BROSKY, JJ.

EAKIN, Judge:

Nicholas and Betty Delpopolo appeal from the order entered following denial of their motion *in limine* seeking to preclude introduction of evidence regarding the limited tort waiver in their insurance policy. We affirm.

On November 23, 1992, Nicholas Delpopolo was injured in an automobile accident allegedly caused by appellee Gary Nemetz. Delpopolo and his wife filed suit against Nemetz May 6, 1994. Nemetz thereafter joined Mai Pham as an additional defendant to the action.

On September 26, 1996 appellants filed a motion *in limine* to preclude Nemetz and Pham from introducing evidence regarding the limited tort waiver in appellants' insurance policy. The trial court denied this motion January 7, 1997, finding appellants were bound by their election of the limited tort option and could not recover for non-economic loss unless they established a "serious injury" in accordance with the definitions in the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1701 *et seq.* Appellants' subsequent petition to reconsider this order was denied February 6, 1997.

On February 12, 1997, appellants acknowledged the injuries sustained in the accident were not serious enough to overcome the limited tort threshold. Following this admission, judgment was accordingly entered in favor of appellees June 3, 1997. This appeal followed.

Appellants contend they never effected a valid election of limited tort because, at the time of their application they were not provided with the tort waiver form mandated by 75 Pa.C.S. § 1705; they therefore claim entitlement to full tort coverage. Appellants

alternatively argue that to the extent they were provided with appropriate forms, their election of limited tort was ineffective because it was made unknowingly.

 "A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered." *Meridian Oil & Gas Enters., Inc. v. Penn Cent. Corp.,* 418 Pa.Super. 231, 239, 614 A.2d 246, 250 (1992), *appeal denied,* 534 Pa. 649, 627 A.2d 180 (1993). When reviewing rulings on motions *in limine,* we apply the scope of review appropriate to the particular evidentiary matter. *Id.* The admissibility of evidence is a matter addressed to the sound discretion of the trial court and should not be overturned absent an abuse of discretion. *Whyte v. Robinson,* 421 Pa.Super. 33, 38, 617 A.2d 380, 383 (1992).

Pursuant to the MVFRL, an insured is to be given the opportunity to select either a "full tort" option or a "limited tort" option. Section 1791.1(b) states an insurer must, *at the time of application for original coverage,* provide to an insured notice of the availability of these two alternatives. This section provides, in pertinent part:

§ 1791.1. **Disclosure of premium charges and tort options**

(b) **Notice of tort options.**—In addition to the invoice required under subsection (a), an insurer must, *at the time of application for original coverage* for private passenger motor vehicle insurance and every renewal thereafter, provide to an insured the following notice of the availability of two alternatives of full tort insurance and limited tort insurance described in § 1705(c) and (d) (relating to election of tort options):

The laws of the Commonwealth of Pennsylvania give you the right to choose either of the following two tort options:

A. **"Limited Tort" Option**—This form of insurance limits your right and the rights of the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury", as set forth in the policy, or unless one of several other exceptions noted in the policy applies.

B. **"Full Tort" Option**—This form of insurance allows you to maintain an unrestricted right for yourself and other members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and out-of-pocket expenses and may also seek financial compensation for pain and suffering or other nonmonetary damages as a result of injuries caused by other drivers.

75 Pa.C.S. § 1791.1(b) (emphasis added).

While Section 1791.1(b) refers to *original* applications for new insurance, Section 1705 contains a heightened notice requirement and pertains to *policies in existence with first renewals* due on or before July 1, 1990. Section 1705 provides, in relevant part:

§ 1705 **Election of tort options.**—

(a) **Financial responsibility requirements.**—

(1) Each insurer, not less than *45 days prior to the first renewal of a private passenger motor vehicle liability insurance policy on and after July 1, 1990,* shall notify in writing each named insured of the availability of two alternatives of full tort insurance and limited tort insurance described in subsection (c) and (d) . . .

75 Pa.C.S. § 1705(a)(1) (emphasis added).

In our recent *en banc* decision in *Donnelly v. Bauer,* 453 Pa.Super. 396, 683 A.2d 1242 (1996), *appeal granted,* 548 Pa. 627, 693 A.2d 967 (1997), we were faced with the task of interpreting these two notice provisions. In so doing, we looked to the language of the

applicable MVFRL provisions, examined the legislative history of the MVFRL, considered consumer protection arguments, and even re-iterated sentiments of the Deputy Commissioner for the Office of Rate and Policy Regulation for the Insurance Department of Pennsylvania. Ultimately, we held that only existing policyholders and first renewals occurring on or after July 1, 1990, are entitled to receive a Section 1705 notice; original applicants for insurance after July 1, 1990, on the other hand, need only receive a Section 1791.1 notice. In reaching this conclusion, we explained:

> As evidenced by the statutory scheme, the legislature envisioned two classes: existing policy holders and new policy applicants. The statutes, the code, and the legislative history suggest that existing policyholders, having a contract in place, required immediate information because their premiums would be altered; new policy applicants, on the other hand, required only notice of the tort options. The limited tort option description required for new applicants under section 1791.1 clearly explains the rights that are restricted, and the legal effect of each option.

*Id.,* at 409, 683 A.2d at 1249. The reason for this holding is clear:

> In essence, the existing policy holders who obtained their original application for insurance prior to the amendments would not be cognizant of the fact that the legislature had now given them the opportunity to choose between two different types of tort coverage, limited or full. They, therefore, would need notice of the two types of coverage in order to be fully informed consumers. By contrast, persons who were applying for insurance after the 1990 amendments would neither need nor be able to compare the difference between the various costs of insurance coverage, having no pre-existing policy cost with which to compare the premiums for the two new coverage options created by the amendments.

*Kelly v. Ziolko,* 705 A.2d 868, 872 (Pa.Super.1997).

■ Appellants applied for automobile insurance with Prudential Insurance Company on October 27, 1992. Therefore, Prudential's notice and tort selection form is measured against Section 1791.1. Our review of the record reveals the Prudential application forms contained not only the language specified and required by Section 1791.1 setting forth the availability of the full tort and limited tort alternatives, but also the cost comparisons required by Section 1705. An examination of these application forms indicate appellants plainly selected the limited tort option, evidenced by Betty Delpopolo's signature. After their application, appellants received a declaration sheet, clearly setting forth their choice of the limited tort option.

Under the statutory requirements and our decision in *Donnelly,* only the Section 1791.1 notice of tort options needed to be given appellants. Prudential supplied appellants with this proper notice; in fact Prudential did more, including cost comparative information between the limited and full tort options. This election by appellants of the limited tort alternative is valid and must be enforced.

Contrary to appellants' position, we cannot find that a limited tort selection is only valid and effective if it is chosen pursuant to a Section 1705(a) notice. This is in direct opposition with the plain wording of the relevant MVFRL provisions and our *en banc* decision in *Donnelly.* As such, the trial court properly denied appellants' motion *in limine* seeking to preclude evidence regarding their election of the limited tort option.

■ Appellants alternatively claim that if Section 1705 notice was not required, they should nevertheless be released from limited tort coverage because none of the actions taken by Betty Delpopolo were a knowing and intelligent waiver of their full tort rights. We do not agree.

The record reveals three different documents, two of which had been signed by at least one of the appellants, which declared their intention to elect limited tort. These include the coverage invoice, the application for original coverage, and the initial declaration sheet. Further, the election of limited tort was made by Betty Delpopolo only after a face-to-face meeting with her insurance

agent, who explained to her the limited and full tort options. To this extent, the case is on all fours with *Donnelly* in that, "[u]nlike existing policy holders, the applicant is shopping for insurance, dealing face-to-face with an agent, and exploring coverage options and prices. The agent provides premium quotes for any combination of coverages." *Donnelly*, at 409, 683 A.2d at 1249. This parley and its attendant documents complied with the applicable provisions of Section 1791.1, and appellants received the benefit of lower insurance premiums in exchange for their election. While appellants in hindsight may decide limited tort was not their best choice, they cannot now claim benefit of a choice they did not make. *Id.*, at 411, 683 A.2d at 1249. We find no reason to disturb the trial court's decision rulings.

Order affirmed.