**EDUCATION RESOURCES INSTITUTE, INC.,**
Appellee,

v.

**Robert E. COLE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 26, 2003.
Filed June 13, 2003.

---

Albert J. Michell, Philadelphia, for appellant.

Ron Z. Opher, Southeastern, for appellee.

Before: FORD ELLIOTT, KLEIN and MONTEMURO *, JJ.

MONTEMURO, J.

¶ 1 This is an appeal from a judgment for $85,000[1] entered in favor of Appellee

---

* Retired Justice assigned to Superior Court.

1. Appellant's Notice of Appeal, filed August 19, 2002, purports to appeal from the Order of July 23, 2002. This Order, which is dated July 19, but filed on July 23, is not final as it merely denies Appellant's post trial motion.

Judgment was not entered until August 26, 2002. Pa.R.A.P. 905(a) permits us to address this appeal as though it had been properly filed. ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be

after a three day jury trial in a contract action. The judgment represents principal plus interest on a series of loans for which Appellee acted as guarantor. Appellant, now a practicing lawyer, borrowed the money to cover the costs of law school and the bar examination.

¶ 2 On appeal, this Court is presented with nine issues in support of Appellant's request that we reverse the trial court's denial of his motion to enter a judgment notwithstanding the verdict, or, alternatively, that we grant him a new trial. After careful consideration, we decline to do either.

 ¶ 3 Preliminarily we note that "[t]he entry of a judgment notwithstanding the verdict ... is a drastic remedy. A court cannot lightly ignore the findings of a duly selected jury." *Neal by Neal v. Lu,* 365 Pa.Super. 464, 530 A.2d 103, 110 (1987) (citations omitted).

> [T]he evidence must be considered in the light most favorable to the verdict winner, and he must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in his favor. Moreover, [a] judgment n.o.v. should only be entered in a clear case and any doubts must be resolved in favor of the verdict winner. Further, a judge's appraisement of evidence is not to be based on how he would have voted had he been a member of the jury, but on the facts as they come through the sieve of the jury's deliberations.

*Moure v. Raeuchle,* 529 Pa. 394, 604 A.2d 1003, 1007 (1992) (citations omitted).

 ¶ 4 Appellant first argues that the trial court erred in dismissing his preliminary objections as that ruling violated the coordinate jurisdiction rule, which directs that "judges of coordinate jurisdic-

tion sitting in the same case should not overrule each other's decisions." *Riccio v. American Republic Ins. Co.,* 550 Pa. 254, 705 A.2d 422, 425 (1997) (citation omitted). In making a determination as to whether the rule applies, the appellate court "looks to where the rulings occurred in the context of the procedural posture of the case." *Id.*

¶ 5 Appellant raised preliminary objections on five subjects, among which was the question of proper service. An Order entered June 15, 2000, by the first judge assigned to this case addressed only the matter of service, directing that discovery be taken on the question of whether the person who had accepted service was authorized to do so. Decision on all other issues was specifically deferred, and no further ruling was made on Appellant's preliminary objections until the second (trial) judge dismissed them immediately prior to trial on March 11, 2002. Thus the coordinate jurisdiction rule is not implicated much less violated, and Appellant's claim on this issue is without merit.

 ¶ 6 Next, it is argued that Appellee failed to serve original process upon Appellant, and because there was an eight month delay before reinstatement of the complaint, no proper service could (ever) be made. Appellant raised this claim in his preliminary objections based on service which was, initially, defective. However, the certified record reveals that the complaint was reinstated on October 31, 2000, and that Appellant was personally served on November 2, 2000, a matter he admitted at trial. (N.T., 3/11/02, at 158). Moreover, Appellant offers no authority for or reasoning to support the proposition he advances that a delay before reinstatement of a complaint constitutes bad faith, or that the complaint, once reinstated, becomes

treated as filed after such entry and on the

day thereof.")

unservable. Indeed, he cannot do so, as Pa.R.C.P. 401(2) and (4) provide that a complaint may be reinstated "at any time and any number of times"; and once reinstated is to be served within the applicable time frame. There is no contention that service of the reinstated complaint was in any way problematic. Accordingly, for this reason, too, the claim concerning service is waived.[2]

■ ¶ 7 Appellant's next contention is that the trial court erred in denying his motion for compulsory nonsuit. Specifically, Appellant argues that pursuant to the Foreign Business Corporations Act, 15 Pa. C.S.A. § 4101 *et seq.*, Appellee was required to obtain a certificate of authority from the Pennsylvania Department of State before conducting business in the Commonwealth, and failed to do so. Section 4101 provides that

[e]xcept as otherwise provided in this section or in subsequent provisions of this article, this article shall apply to and the words "corporation" or "foreign business corporation" in this article shall include every foreign corporation **for profit**, including a corporation that, if a domestic corporation for profit, would be a banking institution, credit union or savings association.

*Id.* (emphasis added).

¶ 8 As Appellee is a nonprofit corporation, the necessity for a certification under this statutory section does not arise.

■ ¶ 9 Rather, the Foreign Nonprofit Corporation Act, 15 Pa.C.S.A. § 6101, *et seq.*, which contains similar provisions, governs here. However, Section 6122 provides in pertinent part:

a foreign nonprofit corporation shall not be considered to be doing business in this Commonwealth ... by reason of carrying on in this Commonwealth any one or more of the following acts:

(1) Maintaining or defending any action or administration or arbitration or effecting the settlement thereof or the settlement of claims or disputes.

\* \* \*

(8) Securing or collecting debts or enforcing any rights in property securing them.

As our Supreme Court has pointed out, "the test for whether a corporation is 'doing business' in this Commonwealth is a question of fact, to be resolved on a case-by-case basis." *American Hous. Trust, III v. Jones,* 548 Pa. 311, 696 A.2d 1181, 1184 (1997). Here, evidence was received that Appellee's sole activity in Pennsylvania was to sue borrowers who failed to repay their loans, that is, to collect debts. Appellant at no time produced any evidence in contradiction of this information. The trial court found that Appellee's activities were excluded under the subsections of the Act quoted above, obviating the necessity for a certificate. We see no reason to disagree.

¶ 10 Moreover, as the trial court observed, the promissory notes signed by Appellant contain a choice of laws provision that designated Ohio's statutes as controlling. This Court has held that

---

**2.** We note that even had there been a defect in service, this Court has long held the view that where a defendant appears and defends on the merits, claims of defective service are waived. *Webb v. United Servs. Auto. Ass'n.,* 227 Pa.Super. 508, 323 A.2d 737, 738 (1974).

Contrary to the Dissent's assumption that defective service is conceded, ultimately proper service was effected of the reinstated complaint. (Appellant's Brief at 13). Appellant's preliminary objections are germane only to service prior to the reinstatement. Thereafter, Appellant's claims of improper service became moot.

"[c]hoice of law provisions in contracts will generally be given effect." *Smith v. Commonwealth Nat'l Bank,* 384 Pa.Super. 65, 557 A.2d 775, 777 (1989). Appellant has offered nothing to the effect that Ohio requires foreign nonprofit corporations to procure certification of authority in order to file suit in Pennsylvania.

■■■ ¶ 11 Appellant next argues that the trial court erred in denying his motions *in limine* seeking to exclude certain witnesses and any evidence they might offer. This and Appellant's succeeding three issues, all four of which seek relief for the alleged error in the exclusion or reception of evidence, are therefore properly the subject of a motion for new trial. *Stewart v. Chernicky,* 439 Pa. 43, 266 A.2d 259, 265–66 (1970). We note that an appellate court will not reverse the trial court's grant or denial of new trial unless its decision presents a gross abuse of discretion or an error of law. *Harman v. Borah,* 562 Pa. 455, 756 A.2d 1116, 1122 (2000). "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary or capricious, or was motivated by partiality, prejudice, bias or ill will." *Id.* at 1123. The trial court is required to grant a new trial only where a jury verdict is "against the clear weight of the evidence or [where] the judicial process has effected a serious injustice." *Austin v. Ridge,* 435 Pa. 1, 255 A.2d 123, 124 (1969) (citing *Pritchard v. Malatesta,* 421 Pa. 11, 218 A.2d 753, 754 (1966)).

A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered. When reviewing rulings on motions *in limine,* we apply the scope of review

appropriate to the particular evidentiary matter. The admissibility of evidence is a matter addressed to the sound discretion of the trial court and should not be overturned absent an abuse of discretion.

*Delpopolo v. Nemetz,* 710 A.2d 92, 94 (Pa.Super.1998) (citations and internal quotation marks omitted).

■■■ ¶ 12 Appellant does not address the substance of the motions *in limine.* Rather, he argues that the trial court's denial of his motions was an abuse of discretion because it was done "out of hand," that is, without giving reasons. (Appellant's Brief at 20). Oddly, Appellant seems to imply error from the fact that the court delivered its ruling without actually holding the document at the time the decision was made. *See Id.* ("The trial judge did not have the motion in hand when she made the ruling.") As Appellant presents no authority for and no argument in support of these conclusions, we need not address them. *Estate of Lakatosh,* 441 Pa.Super. 133, 656 A.2d 1378, 1381 (1995); Pa.R.App.P. 2119(a). We would, however, remark on Appellant's astonishing contention that he "should have been afforded the opportunity to address the shortcomings in plaintiff's Complaint though its [sic] motions in limine." (Appellant's Brief at 20). We refer Appellant to the Rules of Civil Procedure for the appropriate measures to accomplish his purpose.[3]

■■■ ¶ 13 Next Appellant argues that "several errors of law were committed concerning [Appellee's] evidence in violation of [a] pre-trial order." (*Id.*). The order in question instructed the parties that only exhibits listed in the pretrial memorandum could be offered in evidence or used for

---

**3.** In addition to filing preliminary objections, Appellant moved unsuccessfully for summary

judgment.

anything other than impeachment purposes, "except for good cause shown." (Order, dated 12/13/01). Appellant points to four instances in which Appellee was permitted to use such exhibits, and insists that permission was given in the absence of good cause to do so.

¶ 14 As we have already noted, the question of whether certain evidence should be admitted is a matter within the sound discretion of the trial court whose decisions we will not disturb absent an abuse of that discretion. *Delpopolo, supra.* A review of the alleged errors committed by the trial court in declining to enforce its own order reveals that, in fact, no error occurred. One of the documents in question was not available until after the exhibit list had already been submitted; another was presented in response to an unanticipated defense; and two were limited to use in refreshing a witness' recollection. We find no error in the court's determinations.

¶ 15 Next Appellant directs us to six further instances of trial court error in deciding certain questions raised both prior to and during trial. As none of the arguments advanced are supported by legal authority, they are waived. *Lakatosh, supra;* Pa.R.A.P. 2119(a). Had they been properly preserved, we would find them meritless.

¶ 16 Appellant also contends that the evidence was insufficient to support the verdict. Specifically, he argues that he was never identified as a party to any of the contracts forming the basis for suit, and was never questioned as to whether he had, in fact, signed the notes.

¶ 17 Where the fact finder, viewing all the evidence in a light most favorable to the plaintiff, could not reasonably find that the elements of the cause of action have been established, a judgment of compulsory nonsuit is appropriate. Only if the facts are so clear that reasonable persons could not disagree as to their evidentiary significance should the fact finder take the case from the jury. *Long v. Manzo,* 452 Pa.Super. 451, 682 A.2d 370, 373, (1996), *appeal denied,* 548 Pa. 628, 693 A.2d 967 (1997).

¶ 18 Appellant did, in fact, move for compulsory nonsuit following the close of Appellee's case. He did so, however, on grounds other than those which form the basis for this claim of insufficiency which appears for the first time in his Motion for Post Trial Relief.[4] Pa.R.C.P. 227.1(b)(1) provides that

> (b) Post trial relief may not be granted unless the grounds therefor,
>
> (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial.

¶ 19 Given the nature of the contention, grounds for such an objection had been available since the inception of the case. Accordingly, this issue is waived. Had it not been waived, we would find, as did the trial court, that Appellant admitted having borrowed the money, and indeed, that he might even have applied for forbearance on the loans. Under such circumstances to argue, as Appellant has done, that lack of authentication defeats Appellee's claim against him is disingenuous at best.

¶ 20 Appellant's last two issues concern the amount of the judgment awarded Appellee by the jury. We note that the award breaks down as follows: $49,156.26

---

4. Appellant's Preliminary Objections only included the assertion that Appellee was not identified as a party to the action.

in principal (guaranty amounts paid); $13,480.63 interest; and $22,363.11 attorneys' fees.

¶ 21 First, Appellant claims that Appellee was awarded double the interest which had actually accrued on the loan. Since, as Appellee points out, Appellant uses an inaccurate starting point to calculate the amount due, his assertion is itself incorrect. Moreover, "[t]he decision to grant, or not to grant, a new trial based on the excessiveness of a jury verdict is within the sound discretion of the trial court, and its decision will be upheld on appeal absent a gross abuse of discretion." *Tesauro v. Perrige,* 437 Pa.Super. 620, 650 A.2d 1079, 1081 (1994), *appeal denied,* 541 Pa. 627, 661 A.2d 874 (1995). "We are not free to substitute our judgment for that of the trial judge or jury." *Id.* Here the interest amount is consistent with the evidence adduced at trial, and therefore represents no instance of error.

¶ 22 Finally, Appellant argues that the award of attorney's fees was improper because Appellee failed to produce any evidence of fees actually paid; the trial court is thus prevented from instructing the jury as to what award would be reasonable.

¶ 23 Evidence was introduced at trial on direct examination of one of Appellee's witnesses that the notes signed by Appellant contain language alluding to the payee's responsibility for reasonable attorneys' fees upon default. The witness testified that the amount of these fees is usually for the court to determine. On cross examination, Appellant made no inquiry at all on the subject of attorneys' fees; he requested no jury instruction on that point, and made no objection to the court's charge on the issue. He may not now complain that the amount was wrong. This Court has long held that "[a] party cannot be permitted to question facts expressly admitted or deliberately waived at trial." *Schmidt v. Martz,* 161 Pa.Super. 439, 55 A.2d 588, 589 (1947).

¶ 24 Before affirming the judgment in this case, this Court would take notice of yet another well settled principle, that "when an appellant raises an extraordinary number of issues on appeal, as in this case, a presumption arises that there is no merit to them." *Lakatosh, supra,* at 1380 n. 1 (citations omitted). The caliber of appellate advocacy is measured by effectiveness, not loquacity. *United States v. Hart,* 693 F.2d 286, 287 n. 1 (3rd Cir.1982). Here, including the subissues, Appellant has presented 18 meritless claims, all in aid of a position which can most charitably be described as untenable. Such conduct ill befits an officer of the court.

¶ 25 Judgment affirmed.

¶ 26 KLEIN, J. files a dissenting opinion.

### Dissenting Opinion by KLEIN, J.:

¶ 1 I respectfully dissent. The majority states that even conceding service upon Cole was defective, because he appeared and defended the matter in court, his claim is waived.[5] I disagree. The fact remains

---

5. The majority relies on *Webb v. United Servs. Auto. Ass'n.,* 227 Pa.Super. 508, 323 A.2d 737 (1974), to support its conclusion that because Cole appeared at trial and defended himself he waived any claim of defective service. In *Webb,* our court stated the following in a footnote:

> Appellant claims that service below was defective. Because it appeared and defended on the merits, any defect of this sort was waived. Pa.R.C.P. 1032.

*Id.* at 738 n. 2. First, the case does not state exactly why appellant claimed the service was defective. Second, Rule 1032 states that a

that Cole asserted in his preliminary objections that the person who was served with plaintiff's complaint at his apartment building was not the manager of the building (as alleged by plaintiff), but merely the security guard who had no authority to accept service.[6] Because the trial court never held a hearing on Cole's preliminary objections, which raised a colorable claim of improper service, the judgment should be vacated. Moreover, Cole was never given the opportunity to file an answer to the complaint due to the alleged improper service, and, therefore, was foreclosed from raising any waivable affirmative defenses in new matter.

¶ 2 According to Pennsylvania Rule of Civil Procedure 1028, when preliminary objections raising the issue of improper service are filed, the court is required to review further evidence, and not just rely upon facts of record. *See* Note, Pa.R.C.P. 1028. Rule 1028 also requires that the court shall determine all preliminary objections promptly and if an issue of fact is raised, consider evidence from depositions or otherwise. *See* Pa.R.C.P. 1028(b)(2).

¶ 3 Presently the trial court delayed a hearing on Cole's preliminary objections, and issued an order stating that "the parties [shall conduct discovery or take depositions] within 45 days of the day the order is docketed." The court also stated that the parties would have 15 days to file supplemental documentation and briefs supporting their positions. Apparently, no depositions, discovery or briefs were filed by either party in response to the court's order. In fact, the preliminary objections were not ultimately ruled upon by the court until after settlement negotiations prior to the commencement of trial. When the court reconvened, after unsuccessful settlement attempts, the court denied the objections but stated that Cole could bring up the service issue later via a compulsory nonsuit. Cole then did contest service by moving for a nonsuit, which the court ultimately denied, stating:

> Denied. You are here, you are at trial, you have defended, so I don't see where the service issue is an issue at all at this point.

¶ 4 In so ruling, the court misses fundamental constitutional and jurisdictional principles. Namely, regardless of how an action is commenced (i.e., by writ of summons or complaint), service of process is essential to commencing the action. Proper service is a prerequisite to a court acquiring personal jurisdiction over a defendant. *Cintas Corporation v. Lee's Cleaning Services, Inc.*, 549 Pa. 84, 700 A.2d 915 (1997). Without holding a hearing and taking evidence from the parties, the court was unable to confirm if, in fact, Cole was properly served with plaintiff's complaint and whether it acquired personal jurisdiction over him. Moreover, im-

---

party waives defenses and objections which are not presented by preliminary objection or another type of required pleading. Presently, it is undisputed that Cole timely filed preliminary objections in which he properly raised the issue of improper service.

6. Specifically, Cole's preliminary objections stated, in part:

> 17. Plaintiff indicates in its affidavit of service that it served the instant complaint upon "Lorraine Childs, manag-

er of lodging in which defendant resides."

> 18. Lorraine Childs is a security guard at 4041 Ridge Avenue, Pennsylvania, PA and is not the manger of premises located there.

> \* \* \*

> 22. Plaintiff's alleged service of the Complaint does not meet the requirements of PA.R.C.P. 402 as defendant was never properly served.

Def.'s Preliminary Objections of 5/5/00 at 3, 4.

proper service is synonymous with lack of notice—a due process violation.

¶ 5 In *Szekely v. Abilene Flour Mills Co.*, 211 Pa.Super. 442, 237 A.2d 242 (1967), our court found that it was required to remand the case where the trial court had decided the issue of service in favor of plaintiff without taking additional testimony on the matter, either in court or by deposition. Although defendant had filed two affidavits from its agent that allegedly accepted service and the plaintiff filed one to support service, our court noted that neither party had filed written interrogatories. Instead, the trial court found that the defendant had failed to establish lack of personal jurisdiction by relying principally on the averment that the defendant had directed that one of defendant's agents obtain prepayment from plaintiff—clearly a fact of record. In that case, our court stated:

> It is our belief, however, that both parties misconceived the nature of the fact-finding process on preliminary objections. We believe it appropriate, therefore, to remand this record to the lower court with directions that an order be entered allowing the parties a reasonable period of time in which to present evidence by deposition, interrogatories or otherwise which will allow for the proper resolution of issues of fact.

*Id.* at 245.

¶ 6 It is imperative that we keep in mind that our court reviews the denial of preliminary objections challenging personal jurisdiction to determine whether the record evidence fairly supports the trial court's disposition. *Barr v. Barr*, 749 A.2d 992 (Pa.Super.2000). In *Szekely, supra*, even where the parties had filed affidavits to support or reject the claim regarding lack of jurisdiction and improper service, our court found it necessary to remand the matter for further proceedings to determine whether the record supported the trial court's decision. Presently, the parties have not even produced one affidavit, let alone any evidence via deposition, interrogatory or otherwise to prove their claim regarding service.

¶ 7 In sum, I find that the trial court improperly overruled Cole's preliminary objections without holding a hearing in which it was obligated to review additional evidence submitted by the parties regarding whether Lorraine Childs could accept service on Cole's behalf. *See* Pa.R.C.P. 1028. The court's summary dismissal of the objections at the beginning of trial was neither a prompt resolution of the matter, nor proper under the rules. Accordingly, I would reverse the judgment and remand for a hearing on Cole's preliminary objections, first giving the parties the opportunity to supplement the record with evidence of whether service was proper.