J-A26026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHADONIA PINCKNEY AND MANNIE FARRIS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 617 EDA 2023 |
| SHAHIED TAYLOR | : | |

Appeal from the Judgment Entered April 3, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220102281

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 15, 2024**

Shadonia Pinckney and Mannie Farris ("Appellants") appeal from the judgment entered in favor of Shahied Taylor in Appellants' negligence action. Appellants argue the court erred in finding that their right to recover was limited by Pinckney's election of limited tort insurance coverage. We affirm.

Appellants filed a complaint alleging they were injured when Taylor rear-ended their vehicle. In his new matter, Taylor argued the Appellants' claims were barred by a "tort threshold." New Matter, 4/20/22, at ¶ 58. Appellants filed a reply, denying any factual allegations made in the new matter and requiring strict proof at trial.

After the first day of the jury trial, Appellants informed the court that they were disputing that their claims were subject to limited tort. The election of limited tort coverage precludes the insureds from seeking damages for non-

economic losses sustained in a motor vehicle accident unless they suffered "serious injury." *See* 75 Pa.C.S.A. § 1705(d). "Serious injury" is defined as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." *Id.* at § 1702 ("Serious injury").

Appellants asserted that Pinckney, who is the named insured on the policy,[1] had never signed a form electing limited tort coverage. *See* N.T., 2/13/23, at 152 ("My client never received anything, never signed anything, so my client is full tort"). Taylor responded that Pinckney had acknowledged during her deposition that she had limited tort coverage. He also stated he had subpoenaed a copy of her policy from her insurance carrier, Safe Auto, which provided a form in which she had chosen limited tort coverage. Taylor further asserted the Appellants had not disagreed that limited tort coverage applied during "multiple conferences, including a settlement conference and pretrial conference." *Id.* at 153. The court said, "[F]ile your motion, get it together, attach whatever you need to attach" to resolve the issue. *Id.*

Appellants filed a motion *in limine* arguing Taylor had failed to carry his burden to prove limited tort applied. They acknowledged that during discovery, Taylor had requested that Appellants admit that they had chosen limited tort status. Appellants attached to their motion a copy of the discovery request and their response. The requests for admission also included a request that Appellants provide "a copy of your policy, including applicable policy

_____

[1] The parties agree that coverage under Pinckney's insurance policy and her choice of tort option extends to her husband, Farris.

declarations page, sign down forms and Tort Option selection forms." R.R. 568a. In their response, Appellants stated they could not recall what, if any, tort election had been made. They also refused to provide a copy of the documents Taylor had requested, stating, "The instant request is for document production, so Plaintiffs are unable to fully respond to same." R.R. 573a.

Appellants also acknowledged that during a deposition, Pinckney had testified that she had limited tort coverage, and quoted the following testimony:

> Q.    And it's my understanding that your insurance policy with Safe Auto, at the time of the accident, provided for limited tort coverage?
>
> A.    As I recall.

Appellants' Motion in *Limine* Regarding Tort Status, 2/16/23, at ¶ 7.

However, Appellants pointed out that Pinckney also testified she could not completely recall all her insurance policy provisions:

> Q. Ms. Pinckney, counsel asked you earlier about your policy with Safe Auto. Do you, at the present time, remember all of the provisions of your policy, including any forms that you have signed?
>
> A. No.

*Id.* at ¶ 9.

Appellants also argued that while Taylor had subpoenaed an insurance form from Safe Auto, showing Pinckney had allegedly elected limited tort status, the form was inadmissible hearsay and not properly authenticated. They attached the form as an exhibit. The form provides notice of the limited

tort and full tort options and their respective lower and higher premiums. The election for limited tort coverage bears what purports to be Pinckney's electronic signature, including the date and time. *See id.* at Ex. D.

Taylor filed a response, arguing that Appellants should be bound by limited tort because they failed in response to his discovery request to disclose the tort option they elected and failed to produce a copy of the election form. He also argued that in Pinckney's deposition, she clearly admitted that her policy provided for limited tort coverage, even though she also testified that she could not recall each provision of her policy. He stated that because Appellants had refused to provide the requested information during discovery, he had obtained the signed form directly from Safe Auto via subpoena. He argued the electronic signature on the form was valid and proof that Pinckney had elected limited tort coverage.

The court ruled in Taylor's favor, finding Appellants bound by limited tort, and the trial proceeded. After deliberations, the jury found Appellants had not suffered serious injury but awarded them $250 in damages each. Appellants filed a post-trial motion, which the court denied. Judgment was entered in favor of Taylor. This appeal followed.[2]

_____

[2] Appellants prematurely filed a notice of appeal from the order denying their post-trial motions, rather than the subsequent entry of judgment. The appeal is nonetheless timely. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"); *Brown v. Phila. Coll. of Osteopathic Med.*, 760 A.2d 863, 865 n.1 (Pa.Super. 2000).

- 4 -

Appellants raise the following issues:

1. Whether the Court erred in deeming that Appellants are bound by Limited Tort.

2. Whether the Court erred in considering, what purported to be, Appellant Shadonia Pinckney's Limited Tort waiver, as same constituted an unauthenticated, hearsay document.

3. Whether the Court erred in considering, what purported to be, Appellant Shadonia Pinckney's Limited Tort waiver without requiring that [Taylor] properly authenticate same.

4. Whether the Court erred in considering, what purported to be, Appellant Shadonia Pinckney's Limited Tort waiver without requiring that [Taylor] present a single witness to authenticate same.

5. Whether the Court erred in forcing Appellants to file a Motion in Limine to be deemed Full Tort in violation of Pa.R.C.P. 1030(a).

6. Whether the Court erred in forcing Appellants to file a Motion in Limine to be deemed Full Tort in violation of 75 Pa.C.S.A. [§] 1701.

7. Whether the Court erred in shifting [Taylor's] burden to prove that Appellants are bound by Limited Tort, in violation of Pa.R.C.P. 1030(a).

8. Whether the Court erred in shifting [Taylor's] burden to prove that Appellants are bound by Limited Tort, in violation of 75 Pa.C.S.A. [§] 1701.

Appellants' Br. at 2-4 (trial court answers and suggested answers omitted).

Appellants' arguments are interrelated, and we have reorganized them for ease of discussion.[3] Appellants argue that because Taylor raised in his New

_____

[3] Appellants have not divided the argument section of their brief "into as many parts as there are questions to be argued," in contravention of Pa.R.A.P. 2119(a). We do not quash because in this instance the violation has not substantially impeded our review. *See Thompson v. Thompson*, 187 A.3d 259, 263 n.1 (Pa.Super. 2018).

Matter that they were barred from recovery by limited tort, it was an affirmative defense that he bore the burden of proving at trial. *See id.* at 15 (citing Pa.R.C.P. 1030(a)). Appellants argue that the court improperly shifted the burden to them to prove that they were not bound by limited tort by "forcing them to file a [m]otion *in* [*l*]*imine*, only then to use an unauthenticated waiver against Appellants[.]" *Id.* at 17.

Relatedly, Appellants assert Taylor did not carry his burden to prove limited tort applied. They allege Taylor did not authenticate the form he received from Safe Auto, and the court should have at least held an evidentiary hearing on the authenticity of the insurance form. They further assert the court should not have considered Pinckney's deposition testimony as evidence of her tort election, as it was not part of the record. They claim that even if the court could have considered the deposition testimony, Pinckney did not unequivocally testify that her insurance policy had limited tort. And, Appellants claim, even if she had testified as such, her knowledge of her tort status under the policy is not sufficient to prove that she signed the form herself and elected limited tort coverage.

Finally, Appellants argue that without admissible proof that Pinckney elected limited tort, the court should have considered her policy to have full tort coverage as the default. *See* 75 Pa.C.S.A. § 1705(a)(3) (stating that if no tort election is made, the insured is presumed to have chosen the full tort alternative).

"When reviewing rulings on motions in *limine*, we apply the scope of review appropriate to the particular evidentiary matter. The admissibility of evidence is a matter addressed to the sound discretion of the trial court and should not be overturned absent an abuse of discretion." ***Delpopolo v. Nemetz***, 710 A.2d 92, 94 (Pa.Super. 1998) (citation omitted).

The rules of evidence require that evidentiary items be authenticated. ***See*** Pa.R.E. 901. The proponent of the evidence must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." ***Id.*** This can be accomplished by direct proof or circumstantial evidence. ***Gregury v. Greguras***, 196 A.3d 619, 633 (Pa.Super. 2018) (*en banc*). A *prima facie* case of authenticity is sufficient for an item to be admissible. ***Id.*** at 633-34.

In Pennsylvania, electronic signatures are as admissible and enforceable as their handwritten counterparts. 73 P.S. §§ 2260.303, 2260.309. Whether an electronic signature is attributable to a person "may be shown in any manner[.]" ***Id.*** at § 2260.305(a).

The court did not err in concluding that Appellants' claims were subject to limited tort. The tort form was properly authenticated. First, Taylor's counsel stated she obtained the form directly from Pinckney's insurer by subpoena, which Appellants have not disputed. Second, the form bears what appears to be Pinckney's electronic signature. Third, Pinckney testified in her deposition that her insurance policy has limited tort coverage. There was

sufficient circumstantial evidence to authenticate the form and support the court's finding that limited tort coverage applied.[4]

The court did not improperly shift the burden of proof. Appellants maintain that because Taylor pleaded limited tort coverage in new matter, he bore the burden of proving limited tort, and by directing Appellants on the first day of trial to file a motion *in limine*, the court put the burden on them to prove that they enjoyed full tort coverage. The passage of the notes of testimony on which Appellants rely is ambiguous and it is not clear whether the trial court was telling Appellants or both sides to file a motion *in limine*. Even assuming, *arguendo*, that the court did as Appellants allege, we still see no error. Telling Appellants to initiate the motion process is not equivalent to placing the burden of proof on them. Moreover, because Taylor carried his burden to authenticate the form, the court permissibly based its decision on that form.

We likewise reject Appellants' argument that the court could not consider Pinckney's deposition testimony. Appellants quoted the testimony in their motion *in limine* and do not dispute its accuracy.

---

[4] Federal courts applying Pennsylvania law have rejected similar challenges to the authenticity of electronic signatures on limited tort forms. ***See Martin v. Liberty Mut. Ins. Co.***, No. CV 21-4360, 2023 WL 2588165, at *4 (E.D. Pa. Mar. 20, 2023) (rejecting insured's testimony that she did not electronically sign limited tort form); ***Jallad v. Madera***, 474 F. Supp. 3d 667, 672 n.26 (E.D. Pa. 2020); ***Jallad v. Progressive Advanced Ins. Co.***, No. CV 16-4795, 2017 WL 6311648, at *5 (E.D. Pa. Dec. 11, 2017) (rejecting plaintiff's argument that insurer had failed to prove she waived her right to full tort coverage because the signature on the tort election form was typed).

While Appellants argue on appeal that the trial court should have held an evidentiary hearing, they never requested a hearing below. This claim is therefore waived. Pa.R.A.P. 302(a).

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/15/2024