**Steinmetz v. Allegheny General Hospital**

*Rita H. Steinmetz,* pro se.

*Richard J. Kabbert,* for defendants James Schuster, Rebecca Seip, Patricia A. Riley, Kristine Potts and Allegheny General Hospital.

*Rosemary A. Marchesani,* for defendant Central Ambulance Service.

*Susan A. Kostkas,* for defendants Intercare Health Systems Ltd. and Scott Gleditsch.

*Katherine Kenyon,* for defendant Lakewood Psychiatric Hospital.

WECHT, *J.,* April 20, 2007—Plaintiff Rita H. Steinmetz has appealed from five orders of this court: one each on April 26, 2006 and November 13, 2006 (per the Honorable Ronald Folino); one on January 8, 2007 (per the Honorable Eugene Strassburger); and two on February 16, 2007 (per the undersigned) (denial of judgment n.o.v. and entry of judgment on verdict).

For the reasons set forth hereinbelow, plaintiff's appeal should be dismissed.

## BACKGROUND

Steinmetz originally commenced this action in February 1999 in the United States District Court for the Western District of Pennsylvania. The district court granted motions to dismiss several of Steinmetz's claims. Steinmetz's appeal of the dismissal of claims was dismissed for lack of jurisdiction. The district court granted summary judgment to the defendants on Steinmetz's remaining federal claims, and declined to exercise pendent jurisdiction over the remaining state claims. An appeal to the United States Court of Appeals for the Third Circuit followed. In December 2004, the Third Circuit affirmed the district court.

On March 11, 2005, pursuant to 42 Pa.C.S. §5103, Steinmetz transferred her pendent state claims to the Court of Common Pleas of Allegheny County. Following preliminary objections and motions for summary judgment, Judge Folino entered an order on April 26, 2006 dismissing several of Steinmetz's counts, but permitting her to proceed with claims for back and shoulder pain. Steinmetz filed a motion for reconsideration, which Judge Folino denied on November 13, 2006.

The case was assigned for trial before the undersigned. On January 26, 2007, this court heard and decided several motions in limine. Trial began on January 29, 2007 and continued through February 2, 2007, at which time the case was submitted to the jury. Later that day, the jury returned with a verdict for the defendants. Steinmetz

filed a motion for post-trial relief, which this court denied on February 16, 2007.

Steinmetz filed a notice of appeal on March 13, 2007. On March 16, 2007, this court ordered a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Steinmetz responded on March 29, 2007 with the filing of a 27-page document containing 107 numbered paragraphs asserting trial court errors.[1]

## DISCUSSION

The Superior Court should dismiss Steinmetz's appeal. She failed to comply with the requirements of Pa.R.A.P. 1925(b), as well as the Superior Court's controlling case law regarding concise statements.

In *Kanter v. Epstein*, 866 A.2d 394 (Pa. Super. 2004), the Superior Court quashed a recent appeal because, as here, the appellants filed statements that were not concise. Each of the two *Kanter* appellants filed a 15-page statement; one raised 49 issues while the other raised 55. *Id.* at 401. Moreover, each incorporated all of the other's issues by reference. *Id.* The Superior Court stated that the failure to set forth the issues on appeal in a concise manner hindered the trial court in preparing an opinion, thus frustrating the appellate panel's ability to provide meaningful review. *Id.* The *Kanter* court noted Judge Ruggero J. Aldisert's oft-cited teaching that:

---

1. It should be noted that Judge Strassburger also ordered a concise statement on March 14, 2007, and that Steinmetz responded to that order on March 26, 2007.

"With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. . . . [W]hen I read an appellant's brief that contains 10 or 12 points, a presumption arises that there is no merit to any of them. I do not say that this is an irrebuttable presumption, but it is a presumption nevertheless that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness. Aldisert, 'The Appellate Bar: Professional Competence and Professional Responsibility—A View from the Jaundiced Eye of One Appellate Judge,' 11 *Cap.U.L.Rev.* 445, 458 (1982). *Estate of Lakatosh,* 656 A.2d 1378, 1380 n.1 (Pa. Super. 1995) (quoting *United States v. Hart,* 693 F.2d 286, 287 n.1 (3d Cir. 1982)." *Id.* at 401 n.7.

The Superior Court further noted:

"In this case, the defendants' voluminous Rule 1925(b) statements did not identify the issues that the defendants *actually intended* to raise before the Superior Court. The defendants' Rule 1925(b) statements identify significantly more issues than the defendants could possibly raise on appeal due to the appellate briefing limitations requiring that the statement of the question involved not exceed 15 lines, and in any event, one page. See Pa.R.A.P. 2116(a). In this case, the trial court was presented with 50 or more issues that each defendant identified for appeal. This forced the trial court to guess which issue the defendants would actually raise on appeal. This court has previously explained that '[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.' *Commonwealth v. McCree,* 857

A.2d 188, 192 (Pa. Super. 2004)." 866 A.2d at 401. (emphasis in original)

The *Kanter* court found that, by presenting so many issues, the appellants had impaired the trial court's ability to provide the kind of comprehensive analysis of the issues needed for appellate review. *Id.* Therefore, the Superior Court concluded that the appellants had effectively failed to preserve the issues on appeal. *Id.*

In *Kanter,* the Superior Court also determined that appellants had intentionally engaged in misconduct by raising issues in the 1925(b) statement that the appellants did not intend to raise before the Superior Court. *Id.* at 402. In fact, the trial court in *Kanter* had stated that appellants "breached their duty of fair dealing with this court . . . when they filed 1925(b) statements that raised substantially more issues than they will be permitted to address on appeal . . . ." *Id.*

Other recent cases further underscore the rigor with which our Superior Court applies the rule that concise statements be, in point of fact, *concise.* Increasingly, the Superior Court has expressed concern that trial courts are hindered in preparing adequate legal analysis when appellants identify too many issues. In *Jones v. Jones,* 878 A.2d 86 (Pa. Super. 2005), for example, where the appellant filed a seven-page statement with 29 issues, the trial court was unable to produce an opinion that was more than cursory, and the Superior Court was impeded in its review. *Id.* at 89-90. The Superior Court concluded that appellant's issues on appeal had been waived. *Id.* at 90. See also, *Eiser v. Brown & Williamson Tobacco Corp.,* 2006 WL 933394, *4 (Pa. Super. 2006) (where appellant filed 15-page statement with 30 issues, Supe-

rior Court found all issues waived except those trial court was able thoroughly to address in its opinion); *Signora v. Liberty Travel Inc.,* 886 A.2d 284, 289 n.4 (Pa. Super. 2005) (where appellants filed eight-page statements each, waiver avoided solely due to trial court's "masterful job in distilling the arguments of each party to their essence . . ."; criticizing "cavalier disregard of rudimentary principles of appellate practice" and cautioning parties and counsel "to heed this court's recent admonitions against overly verbose Pa.R.A.P. 1925(b) statements which do not concisely identify the issues they actually intend to raise on appeal").[2]

Steinmetz's 1925(b) statement is similar to, and perhaps more egregious than, the statements in *Kanter.* Steinmetz provided a 27-page document with 107 numbered paragraphs of claimed errors. Initially, Steinmetz purports to be raising only two issues for review: the denial of a new trial and the denial of a judgment n.o.v.[3]

---

2. Compare *McGavitt v. Guttman Realty Co.,* 909 A.2d 1, 4 (Pa. Super. 2006), in which the court refused to dismiss an appeal based on a six-page concise statement that only contained four issues. The length of the statement was due to counsel's inclusion of background material. *Id.* This appeal plainly is distinguishable from *McGavitt.* The 27-page length of Steinmetz' statement is due not solely to inclusion of background material, but instead to the multitude of issues Steinmetz asserts.

3. 1925(b) statement, at 2. If Steinmetz's appeal was premised in fact on the denial of a judgment n.o.v., it might be disposed of by straightforward application of the black letter judgment n.o.v. standard:

"[T]he proper standard of review for an appellate court when examining the lower court's refusal to grant a judgment n.o.v. is whether, when reading the record in the light most favorable to the verdict winner and granting that party every favorable inference therefrom,

However, in fact, Steinmetz's statement proceeds to raise numerous, separate issues both within and without the presentation of those two issues and discussion. For present purposes, this court believes a handful of illustrative examples will suffice.

Under the nominal issue of denial of the new trial, Steinmetz raises the issues of denial of a motion in limine and a claim of error arising from this court's ruling on medical records accessible during deliberations. 1925(b) statement, at 9-10, 12. In addition, Steinmetz raises multiple issues on limitations on cross-examination of defendants' witnesses. 1925(b) statement, at 9-11. Steinmetz complains that this court both failed to enforce Judge Folino's April 26 order and enforced it too well by denying introduction of evidence of ankle injuries. 1925(b) statement, at 2, 11.

Steinmetz spends many pages going into great detail as to why, on numerous separate and varied grounds, the jury verdict assertedly was against the weight of the evidence. 1925(b) statement, at 12-27. Steinmetz claims the trial court erred in allowing the defendants to assert the validity of the 302 involuntary commitment, and also

---

there was sufficient competent evidence to sustain the verdict. Questions of credibility and conflicts in the evidence are for the trial court to resolve and the reviewing court should not reweigh the evidence. Absent an abuse of discretion, the trial court's determination will not be disturbed." *Atwell v. Beckwith Machinery Co.,* 872 A.2d 1216, 1222 (Pa. Super. 2005) (quoting *Ferrer v. Trustees of the University of Pennsylvania,* 573 Pa. 310, 317-18, 825 A.2d 591, 595 (2002)). Accord *Vance v. 46 & 2 Inc.,* 2007 WL 738771 (Pa. Super. 2007). In this case, the testimony of defense experts, Drs. Wettstein and Dunmire, as well as all other evidence of record, amply sufficed to create issues of fact for jury decision on all trial claims. There was "sufficient competent evidence to sustain the verdict" of the jury here.

erred in not allowing Steinmetz the opportunity to introduce evidence to refute that validity. 1925(b) statement, at 2-3, 9. Steinmetz asserts that she was prejudiced and stigmatized by the defense statements regarding the validity of the 302 commitment. 1925(b) statement, at 8. Steinmetz makes claims that defense witnesses testified "falsely." 1925(b) statement, at 10-11. Steinmetz also attributes errors to Judge Folino's April 26 order in splitting her claims, preventing her from presenting relevant evidence, and giving the defendants unwarranted credibility. 1925(b) statement, at 4, 5-8.

The foregoing are but a few examples of the claims of error Steinmetz has buried in her 27-page, 107-numbered paragraph "concise statement" of issues to be appealed. Given the statement's length, breadth, and complexity, it would be difficult for this court to adequately address all the issues Steinmetz has sprinkled throughout in such a way as to allow the Superior Court to engage in a meaningful review of this appeal.[4]

## CONCLUSION

For the foregoing reasons, Steinmetz's appeal should be dismissed.

---

4. This trial court lacks the authority to quash or dismiss Steinmetz's appeal. *Goldfarb v. Goldbarb,* 861 A.2d 340, 343 (Pa. Super. 2004).