**Unifund v. Sheridan**

*Raymond W. Kessler*, for plaintiff
*Anthony Lomma*, for defendant

MINORA, *J.*, June 24, 2013—

## I. Introduction

Unifund, plaintiff creditor, and alleged assignee of a consumer debt, files this amended complaint against defendant, alleged debtor, Robert Sheridan who preliminarily objects. For the reasons that follow, the objections will be granted in part and denied in part.

## II. Factual Background

On August 13, 2012, Unifund filed a collection complaint against defendant, Sheridan. The complaint stated that this claim arose out of what was a Citibank credit card. (*See* complaint exhibit C). Citibank interests were allegedly sold to Pilot Receivables Management LLC on November 21, 2011. On May 1, 2012, Pilot Receivables Management LLC allegedly assigned their interest to Unifund CCR Partners. (*See* complaint exhibit B). On the same date, May 1, 2012, Unifund CCR Partners allegedly assigned their interest to Unifund Corporation of Ohio, thus, allegedly giving our plaintiff their interest and standing.

Defendant filed timely preliminary objections to plaintiff's original complaint and a brief in support thereof. Defendant is alleging that the three exhibits of assignment noted above are generic boilerplate documents which do not specifically reference this defendant nor his account number and therefore, they lack the necessary validity to confer standing and an interest on Unifund.

The objections further challenged Unifund's ability to file suit in the Commonwealth of Pennsylvania because it was not registered to do business in our Commonwealth. Additionally, there were two objections going to legal insufficiency of the complaint by Unifund for failure to attach the cardholder agreement nor any statements of account. Plaintiff filed a brief in opposition but on October 16, 2012, Senior Judge Harold Thompson granted defendant's objections in part and ordered that plaintiff file an amended complaint within twenty (20) days of the date of his order.

In response to the order, plaintiff filed an amended complaint on November 5, 2012. In the amended complaint, plaintiff claimed standing by an assignment from Unifund CCR Partners to itself via a generic assignment document per exhibit A to plaintiff's amended complaint.

To further establish standing, plaintiff alleges that their assignor, Unifund CCR Partners, received this account from Pilot Receivables Management LLC via a generic assignment document per exhibit B to plaintiff's amended complaint.

Finally, it is alleged that Pilot Receivables Management purchased this defendant's account from Citibank (South Dakota) N.A. (hereinafter "Citibank") via a generic bill of sale document at exhibit C to plaintiff's amended complaint.

These documents are referred to as generic because they are all approximately one half of one page in length containing mostly boilerplate and they make no specific reference to our defendant by name nor by his account number.

The amended complaint then makes allegations in support of their claim relative to an unpaid balance, interest rate accruing and a default by defendant.

Apparently, recognizing that they once again did not provide a copy of the credit card holder's agreement between our defendant and Citibank, plaintiff attached copies of monthly billing statements exhibits D-P.

Plaintiff goes on to allege that these monthly billing statements reflect defendant's agreement to pay all charges for purchases, balance transfer fees, cash advance fees and interest on this account. Plaintiff claims that this is the case because defendant allegedly accepted same without "complaint, objection or dispute." (*See* paragraph 12 of amended complaint). Based upon this, plaintiff alleges an implied contract, a breach and a balance due of $6,229.00 plus interest and costs. This legal conclusion, stated at paragraph twelve of the amended complaint, does not plead the essential elements necessary to form a contract. Not surprisingly, defendant once again raises preliminary objections to the now amended complaint of plaintiff, Unifund.

In the new set of preliminary objections, Sheridan again moves to dismiss for Unifund's lack of capacity to sue per Pa. R.C.P. 1028(a)5. The basis for this objection is that at paragraph one of the amended complaint, Unifund alleges that it is a foreign corporation doing business in the state of Ohio and fails to allege that it was registered to business in Pennsylvania as required by 15 Pa. C.S.A. §4141(a). Accordingly, defendant concludes Unifund lacks capacity to bring suit.

Additionally, at pages two and three of defendant's

preliminary objections, defendant alleges that plaintiff's two assignments at exhibits A and B of the amended complaint and the bill of sale at exhibit C of the amended complaint are inadequate because all these exhibits make no reference at all to defendant Sheridan's name or account number. Therefore, defendant objects to these exhibits as being inadequate to indicate that the alleged debt of defendant was assigned to the plaintiff nor are they adequate to show defendant's debt was sold to the plaintiff, thus denying plaintiff standing to sue.

Next, at page four, defendant objects for failure of the amended complaint to conform to law or rule of court per Pa. R.C.P. 1028(a)2. The basis for this objection is the same as that objection to the original complaint. Plaintiff Unifund was required to attach a copy of the contract or cardholder agreement to the amended complaint per Pa. R.C.P. 1019(i). Again, this has not been done and defendant moves to dismiss the complaint for failure of the amended complaint to conform to law or rule of court per Pa. R.C.P. 1028(a)2.

Finally, defendant Sheridan moves to dismiss the amended complaint by *demurrer* per Pa. R.C.P. 1028(a)4 because plaintiff is not a corporation registered to do business in the Commonwealth; because the exhibits do not indicate plaintiff acquired defendant's account; and, because no cardholders agreement or contract was attached to the complaint therefore, voiding all claims of interest.

In plaintiff's answer to defendant's preliminary objections to plaintiff's amended complaint Unifund admits that it has not pled that it is registered to do

business in Pennsylvania, but denies this is a necessary legal prerequisite to filing suit.

Unifund also states that their exhibits A, B and C are adequate to show each step in the chain of title for defendant's credit card account and that this gives them the standing to pursue defendant's alleged debt.

Unifund also asserts that the amended complaint alleges an implied contract exists between defendant Sheridan and the original creditor and that monthly statements attached to the amended complaint provide all necessary information to put defendant Sheridan on notice.

### III. Preliminary Objections Standard

As mandated by Pa. R.C.P. 1019(a), the material facts upon which a cause of action or defense is based shall be stated in a concise and summary form. Additionally, Pa. R.C.P. 1019(c) states,

> "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity."

Finally, Pa. R.C.P. 1019(i) requires, "when any claim or defense is based upon agreement, the pleading shall state specifically if the agreement is oral or written." The note following Pa. R.C.P. 1019(h) reads, "Note: If the agreement is in writing, it *must be attached to the pleading.*" *See* subdivision (i) of this rule. (emphasis added).

Pa. R.C.P. 1019(i) states in compulsory fashion using

the mandatory "shall" as follows: Pa. R.C.P. 1019(i)

> "When any claim or defense is based upon a writing, the pleader *shall attached a copy of the writing*, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reasons, and to set forth the substance in writing." (emphasis added).

In pleading its case, the complaint need not cite evidence, but only those facts necessary for the defendant to prepare a defense. *Unified Sportsman of Pennsylvania v. Pennsylvania Game Comm'n (PGC)*, 950 A.2d 1120 (Pa. Commw. Ct. 2008).

The purpose of the pleadings is to place a defendant on notice of the claim upon which he will have to defend. *City of New Castle v. Uzamere*, 829 A.2d 763 (Pa. Cmmw. Ct. 2003). Pennsylvania is a fact pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim. *Lerner v. Lerner*, 954 A.2d 1229 (Pa. Super. Ct. 2008).

Our appellate courts have previously applied these rules in the context of a collection complaint challenged by preliminary objection. In the case of *Discover Bank v. Stucka*, 33 A.3d. 82, (Pa. Super. Ct. 2011), the Superior Court was confronted by an issuing bank as plaintiff that had filed an original complaint and then filed an amended complaint. Both complaints had been subject to preliminary objection. The record shows no ruling on the first set of preliminary objections, but Discover Bank subsequently filed an amended complaint which attached

the Discover cardmember agreement to the complaint as well as copies of the relevant monthly statement related to Stucka's account.

The amended complaint was still subject to objection by Stucka hence, Discover then filed a motion to amend and a second amended complaint. In the second amended complaint, Discover Bank asserted the cardmember agreement with signatures was not available because it had been returned to the cardholder, defendant Stucka. However, they allege that a true and correct copy of that cardholder agreement was attached. They also once again attached the monthly statements and added counts for a contract implied in law and unjust enrichment. The trial court denied the motion to amend and dismissed Discover's complaint.

The Superior Court review in *Stucka* framed four issues, some being similar to ours,

"1.) Whether [the Bank] satisfied the requirements of Pa. R.C.P. 1019(i) by attaching to its amended complaints unsigned customer agreement?

2.) Whether an enforceable contract to repay amounts charged to a credit card account may be formed absent a written or signed agreement?

3.) Whether [the Bank] should have been permitted leave to amend its complaint to assert an alternative basis for recovery?

4.) Whether the factual averments in [the Bank's] amended complaints and the documents attached as exhibits thereto were sufficiently specific to permit [the

Stuckas] to prepare an answer(sic)?"

*See Stucka* at 86.

> "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint...all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deductible therefrom.... If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections."

*Id., Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. Ct. 2011).

Pa. R.C.P. 1028, entitled preliminary objections, governs the types of preliminary objections which may be filed in response to a pleading.

In filing their preliminary objections to plaintiff Unifund's amended complaint, defendant Sheridan has invoked three subsections of Rule 1028 of the Pennsylvania Rules of Civil Procedure. Those three subsections are as follows: Pa. R.C.P. 1028(a)5 — Motion to Dismiss for Lack of Capacity to Sue; Pa. R.C.P. 1028(a)2 — Motion to Dismiss for Failure of the Amended Complaint to Conform to Law or Rule of Court; and Pa. R.C.P. 1028(a)4 — Motion to Dismiss for Legal Insufficiency of the Complaint (demurrer).

We will conclude this section by citing to the preliminary objections standards for the three objections cited. Under the analysis section of this opinion we will substantively review the validity of each objection.

Pa. R.C.P. 1028 entitled Preliminary Objections states,

"(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds ...

(a)2 failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(a)4 legal insufficiency of a pleading (demurrer);

(a)5 lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action..."

In *Stucka, supra.*, the court concluded their review of the applicable preliminary objection standards. The court then continued their analysis by affirmatively stating the elements of a contractual cause of action and how it should be pled in a complaint. It stated the elements of a complaint, "...must apprise the defendant of the nature and extent of the plaintiff's claim so that defendant has notice of what the plaintiff intends to prove at trial and may be prepared to meet such proof with his own evidence." *Stucka, supra.* at 87.

"In a claim for breach of contract, the plaintiff must allege there was a contract, the defendant breached it, and plaintiff suffered damages from the breach." *Id.*, *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (2010).

## IV. Analysis

Defendant Sheridan has raised three preliminary objections to plaintiff Unifund's Amended Complaint. The court shall address those objections in the sequence as raised by the defendant even though this presentation of objections violates the numerical order of the Rule of Civil Procedure.

## A. Motion to Dismiss for Lack of Capacity to Sue — Pa. R.C.P. 1028(a)5 Absence of a Certificate of Authority

Plaintiff Unifund in their amended complaint at paragraph one alleges they are a "Corporation doing business at 10625 Techwood Circle, Cincinnati Hamilton County, Ohio 45242. (*See* Amended Complaint at paragraph one). The amended complaint then goes on to identify the defendant; to allege that the debt arises out of a Citibank Mastercard account, and the amended complaint then goes on to trace the chain of assignment which allegedly then affords standing to our present plaintiff, Unifund. (*See* amended complaint at paragraphs two through six inclusive). The complaint then addresses the monthly account statements and pleads the existence of an implied contract while counter intuitively seeking the interest amounts awarded by the monthly statements, and alleging that said statements somehow constitute a contract since defendant accepted extension of credit without, "complaint, objection or dispute." (*See* amended complaint paragraphs seven through twenty inclusive).

In response to this amended complaint, the defendant objects per Pa. R.C.P. 1028(a)5, alleging that plaintiff Unifund lacks capacity to sue as a foreign corporation not registered to do business in Pennsylvania contrary to our Commonwealth's statutory requirements as found at 15 Pa. C.S.A. §4141(a).

Additionally, defendant says that the alleged assignments from Citibank through others, which bring standing to plaintiff, lack validity and therefore, Unifund also lacks capacity to sue. (*See* defendant Sheridan's preliminary objections to amended complaint at paragraphs

one through 19 inclusive).

In their answer to defendant's objection to the amended complaint, Unifund admits they are an Ohio Corporation not registered to do business in Pennsylvania, but denies that it is required to be registered to do business in Pennsylvania in order to access our courts.

In reviewing the file, defendant's brief in support of their preliminary objections to the plaintiff's amended complaint was received by the court but not docketed in the clerk's file.

Relying upon defendant's objections and brief in support thereof to the amended complaint, we determine that defendant believes 15 Pa. C.S.A. §4141(a) controls their objection based upon lack of capacity to sue due to Plaintiff being an unregistered foreign corporation.

We disagree. In the case of *Am. Hous. Trust, III v. Jones*, 696 A.2d 1181, (1997), our Supreme Court determined that the evidence was insufficient for a trial court to determine whether a foreign corporation's activities in the Commonwealth constituted "doing business" as would require a corporation to obtain a certificate of authority and preclude it from bringing suit in the Commonwealth. The Supreme Court determined that dismissal of the corporation's suit on defendant's preliminary objections for lack of capacity to sue was improper due to the lack of an established factual basis on the record going to the nature and the extent of the appellant's activities in this Commonwealth. The appellant in this case stands in the shoes of our plaintiff.

In other words, there is an absence of any factual

record to justify the conclusions which form the basis for defendant's objections. The Committee comment at 15 Pa. C.S.A. §4122 states that the concept of "doing business" within our Commonwealth "involves regular, repeated and continuing business contacts of a local nature." *Am. Hous. Trust, III, supra.* at 317, 318. The comment of the committee goes on to state that a single agreement or isolated transaction does not constitute the doing of business if there is no intention to repeat the transaction or engage in similar transactions. *Ibid.* at 318.

Furthermore, as noted in *Am. Hous. Trust, III* and many other cases, Pa. C.S.A. §1028(c)2 states that if an issue of fact is raised in preliminary objections, the court *shall consider evidence by deposition or otherwise. Ibid.* (emphasis added).

Finally, if the granting of preliminary objections would result in the dismissal of an action, they ought to be sustained by the trial court only if the case is free and clear from doubt. *Ibid. Greenberg v. Aetna Ins. Co.*, 235 A.2d 576 (1967).

For these reasons, defendant's preliminary objections raising plaintiff's lack of capacity to sue for a lack of certificate of authority are both dismissed and denied. However, due to the absence of a factual record at this stage, we reserve defendant's right to raise this same issue at the summary judgment stage after the discovery portion of the case is concluded.

B. Motion to Dismiss for Lack of Capacity to Sue — Pa. R.C.P. 1028(a)5 Improper Assignment of Defendant's Account

We have previously outlined plaintiff's amended complaint wherein plaintiff sets forth the chain of assignment alleged to have occurred from Citibank to Pilot Receivables Management LLC to Unifund CCR Partners and ultimately to our plaintiff, Unifund Corporation. (See plaintiff's amended complaint at paragraphs three through six conclusive).

Defendant objects to this alleged assignment claiming that all assignments are brief boilerplate assignments which never reference the defendant by his proper name nor by his account number nor his social security number. In essence, defendant objects because there exists no evidence in any of the assignment documents exhibits A, B and C to plaintiff's amended complaint which ties our defendant to those three exhibits.

Defendant also complains that these three exhibits A, B and C attached to plaintiff's amended complaint reference a servicing agreement and receivables which are not included in the complaint. Further, exhibit C references a purchase and sales agreement which is not attached nor are any accounts.

Defendant states he only wants defendant's information and he would accept redacted copies. Defendant goes on to object stating that the absence of all these documents, along with the absence of cardholder's application, cardholder contract or any other documents all create a lack of validity to the assignment.

Defendant claims he lacks basic information on who has proper title to this account. He also claims he lacks information on the terms of the contract such as interest rates and fees etc.

Plaintiff responds by stating they have adequately pled and included adequate evidence of the chain of ownership of defendant's account sufficient to substantiate its standing and capacity to sue in this transaction. We agree.

As was noted at page six of this opinion, the complaint need not cite evidence but only those facts necessary for the defendant to prepare a defense. *Unified Sportsman of Pennsylvania, supra* at 6.

Plaintiff's pleading, though hardly artful, places the defendant on notice of the claim which he will have to defend per *City of New Castle, supra.* at 7 of this opinion.

The amended complaint gives the defendant notice of what plaintiff's claim is and the grounds upon which it rests. The amended complaint formulates the issues by summarizing sufficient facts to support the claim per *Lerner, supra.* at 7 of this opinion. *See also Stucka, supra.* 7, 8 and 9 of this opinion.

C. Motion to Dismiss for Failure of Complaint to Conform to Law or Rule of Court — Pa. R.C.P. 1028(a)2 Failure to Attach a Writing

We have already noted at Pa. R.C.P. 1019(i) that a claim based upon a writing requires that a copy of the writing be attached to the complaint or that there be an explanation for its absence. It is proper to frame this absence of a writing by preliminary objection per Pa. R.C.P. 1019(i). *Stucka, supra.* at 87; *Atl. Credit & Fin., Inc. v. Guilliana,* 829 A.2d 340, 345 (Pa. Super. Ct. 2003).

In our case, Unifund, as the alleged assignee of the credit card company, has filed both an original complaint and amended complaint with each of the two lacking

any writing of any kind, signed or unsigned and/or any explanation for its absence in violation of Pa. R.C.P. 1019(i). For that reason, defendant's motion to dismiss for failure of the amended complaint to conform to law or rule of court [Pa. R.C.P. 1028(a)2] for violating Pa. R.C.P. 1019(i) is granted. Due to plaintiff's failure to plead a proper writing in both his original complaint and amended complaint, he is now barred from proceeding under the count or counts in his amended complaint which rely upon a written card holder agreement and/or all of its alleged terms including but not limited to interest rates, etc. This ruling does not preclude proceeding under the other contractual theories. All of the other count or counts herein in plaintiff Unifund's amended complaint which reference the written cardholder's agreement or credit card application neither of which was ever attached to any complaint or amended complaint are barred. Therefore, this preliminary objection is granted in part and all counts relying upon any terms contained in a writing are hereby barred from future litigation in this case.

Essentially, plaintiff has alleged enough facts to establish standing. Further, plaintiff has pled an implied contract existed, defendant breached said contract and plaintiff suffered damages from the breach. *See McShea, supra*. at 10 of this opinion.

Accordingly, defendant has established standing in their amended complaint, therefore, defendant's motion to dismiss the entire complaint for failure to attach a writing is only partially granted. All amended complaint paragraphs referencing a credit card holder's agreement which was never attached or produced are barred. To that extent only, defendants objection herein is granted. Plaintiff still

retains the ability to proceed under their theory of implied contract only.

D. Motion to Dismiss for Legal Insufficiency of the Complaint (Demurrer) — Pa. R.C.P. 1028(a)4

This catch call motion presumes all of the above objections which this court has already ruled upon are granted and therefore, the complaint would end up being legally insufficient and subject to demurrer.

Due to all of the above reasons, this motion is granted in part and denied in part.

Defendant's preliminary objection to plaintiff's amended complaint that plaintiff lacked the capacity to bring suit due to the absence of a certificate of authority is dismissed and denied for the reasons already noted.

Defendant's preliminary objection to plaintiff's amended complaint that he lacked the capacity to sue due to improper account assignment of plaintiff's account is dismissed and denied for the reasons already noted.

Defendant's preliminary objection to plaintiff's amended complaint in the form of a motion to dismiss for failure of the pleading to confirm to law due to the failure to attach a writing to the amended complaint is granted in part insofar as those counts of the complaint are concerned only for the reasons already noted.

Defendant's preliminary objection to plaintiff's amended complaint in the form a demurrer for legal insufficiency dovetails into the above dispositions and therefore, is dismissed and denied in part and granted in part for the reasons already noted.

Due to the granting of the preliminary objections for the absence of a writing, all Plaintiff's claims for pre-charge off interest, post charge off interest, attorney's fees and costs are all stricken, since they are part of the unproduced writing.

Defendant's relief seeking costs, attorney's fees and other just and reasonable relief is dismissed and denied since Plaintiff's claim still retains some legal viability.

The only remaining viable count in plaintiff's amended complaint is a bare bones common law cause of action for implied contract between plaintiff and defendant.

The defendant is ordered to answer only those allegations relevant to any implied contract cause of action within twenty (20) days of the date of this order.

An appropriate order follows.

## ORDER

An now to wit, this day of June, 2013, having reviewed the preliminary objections as filed to the amended complaint and the answer thereto and all supporting Briefs submitted by able counsel, the following order is entered:

1.) Defendant's preliminary objection to plaintiff's amended complaint that the plaintiff lacked the capacity to sue due the absence of a certificate of authority is dismissed and denied, subject to being renewed after completion of discovery on summary judgment motion.

2.) Defendant's preliminary objection to plaintiff's amended complaint that the plaintiff lacked the capacity to sue due to improper account assignment of plaintiff's account is dismissed and denied.

3.) Defendant's preliminary objection to plaintiff's amended complaint in the form of a motion to dismiss for failure of the pleading to confirm to law due to the failure to attach a writing to the amended complaint is granted in part regarding only those counts of the Complaint concerning the unproduced writing.

4.) Defendant's preliminary objection to plaintiff's amended complaint in the form a demurrer for legal insufficiency dovetails into the above dispositions and therefore, is dismissed and denied in part and granted in part in accordance with orders one, two and three above.

5.) Due to the granting of the preliminary objections sounding in the absence of a writing, all plaintiff's claims for pre-charge off interest, post charge off interest, attorney's fees and costs are all stricken since they are part of the unproduced writing.

6.) Defendant's relief seeking costs, attorney's fees and other just and reasonable relief is dismissed and denied since plaintiff's claim still retains some legal viability.

7.) The only remaining viable count in plaintiff's amended complaint, at this time, is a bare bones common law cause of action for implied contract between plaintiff and defendant. The defendant is ordered to file his answer on the merits addressing only these allegations relevant to an implied contract cause of action within twenty (20) days of the date of this order.

It is so ordered.